UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-658-RJC-DSC

| | | |
|---|---|---|
| RACHEL WHITLOCK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| CELGARD, LLC, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** comes before the Court for initial review pursuant to 28 U.S.C. §

1915(e). Plaintiff Rachel Whitlock, who is proceeding pro se, filed a Complaint, (Doc. No. 1),

and a Motion to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 2), on November 25,

2014. In this action, Plaintiff alleges that Defendants terminated her employment based on her

race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

The Court first considers Plaintiff's in forma pauperis application. See (Doc. No. 2).

The Court has considered Plaintiff's affidavit, in which she attests that within the past twelve

months she has had an average monthly income of $6640.00 and that her spouse has had an

average monthly income of $24,480.00. (Id. at 2). Plaintiff alleges that she expects to receive

income of $1792.00 next month, and she expects her spouse to receive $2000.00. Plaintiff's

stated monthly expenses are $1266.50, and her spouse's stated monthly expenses are $644.50.

(Id. at 4-5). Plaintiff alleges that she has $48.00 in a checking account and that her spouse also

has $48.00 in a checking account. Plaintiff alleges that she has $75.00 in a savings account and

that her spouse has $80.00 in a savings account. Plaintiff alleges that she has two minor children who rely on her for financial support. Finally, Plaintiff alleges that she "[has] been working [a] temp job since July 2014. I have [medical] bills from my younger daughter and all my other bills." (Id. at 4).

The stated monthly income of $24,480.00 for Plaintiff's spouse is likely an error. Furthermore, it is not clear whether Plaintiff and her spouse share a single checking account containing $48.00, or whether they each have $48.00 in two separate accounts. Thus, before this Court rules on Plaintiff's motion to proceed in forma pauperis, the Court will require Plaintiff to either resubmit a corrected IFP application or verify that the original application is accurate. Plaintiff shall also clarify whether she and her spouse share one checking account containing $48.00, or whether they have separate checking accounts containing $48.00 in each account.

Next, the Court notes that Plaintiff's Complaint suffers from several deficiencies. First, Plaintiff alleges that she was terminated on May 5, 2014, based on her race and sex. She does not, however, identify her race in the Complaint. See (Doc. No. 1 at 3). To support her employment discrimination claim, Plaintiff alleges only: "I were [sic] the only one terminated. When others go place[d] on corrective action. Which they had more time to do something before they got terminate. . . . They [sic?] test that was inter [sic?] under my name by someone else should have getting [sic] termination as well." (Id. at 4). These allegations are threadbare and not intelligible. For instance, Plaintiff appears to be referring to some kind of "test," but these allegations do not inform the Court the exact nature of Plaintiff's complaint.

Next, Plaintiff has attached to the Complaint the EEOC's Notice of Right to Sue, but she has not filed her EEOC Notice of Charge with the Court. Before going forward with the initial

review of Plaintiff's Complaint, this Court will require Plaintiff to furnish the Court with the EEOC Notice of Charge so that the Court may determine the scope of this lawsuit. See Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) ("The allegations contained in the administrative charge of discrimination [before the EEOC] generally operate to limit the scope of any subsequent judicial complaint."). Plaintiff is also encouraged to amend her Complaint to identify her race and to state more specifically the facts surrounding her termination. Otherwise, the Complaint in its current form may be subject to dismissal on initial review for failure to state a claim for which relief can be granted.

**IT IS, THEREFORE, ORDERED that:**

1.  Plaintiff has 20 days from entry of this Order in which to either resubmit her IFP application to this Court, or to verify to the Court that her original application is correct. Plaintiff shall also clarify whether she and her spouse share one checking account containing $48.00, or whether they each have checking accounts containing $48.00 in each account.

2.  Plaintiff has 20 days from the entry of this Order in which to furnish the Court with the Notice of Charge that she filed with the EEOC. Furthermore, Plaintiff is encouraged to submit an Amended Complaint that provides more specific information with regarding to the alleged discriminatory conduct by Defendants.

3.  If Plaintiff fails to comply with this Order, the Complaint shall be subject to dismissal without further notice.

Signed: December 16, 2014

Robert J. Conrad, Jr.
United States District Judge